

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-95,686-01 & WR-95,686-02

## EX PARTE DORIS ANN MARTIN, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. 1304900-A & 1304899-A IN THE 177TH DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*. YEARY, J., filed a concurring and dissenting opinion in which KELLER, P.J., and KEEL and SLAUGHTER, JJ., joined.

## O P I N I O N

Applicant pleaded guilty to possession of cocaine and delivery of hydrocodone and was sentenced to 180 days in county jail. Applicant did not appeal her convictions. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant raises claims of false evidence and involuntary plea related to the discovery of prior misconduct by former Houston Police Officer Gerald Goines, who was the primary witness against Applicant. Based on the record, the trial court has determined that Applicant was denied due process by the use of false evidence against her and that her guilty pleas were involuntary. *Ex parte*

*Mathews*, 638 S.W.3d 685 (Tex. Crim. App. 2022); *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014). The State and trial court both recommend granting relief. We agree.

Relief is granted. *Ex parte Chabot*, 300 S.W.3d 768, 772 (Tex. Crim. App. 2009); *Brady v. United States*, 397 U.S. 742 (1970). The judgments in cause numbers 130490001010 & 130489901010 in the 177th District Court of Harris County are set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the informations. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: AUGUST 21, 2024
Do not publish